Would the clerk call the next case, please? Case number 3-16-0659. In re Application of Will County Collector City Mortgage Aid Capital Aid by Jeffrey Blumenthal v. Sasson Moody 5, Appellant by Timothy Clark. Mr. Clerk? Thank you, Your Honor. Good afternoon, Justices, Counsel. My name is Timothy Clark. I represent the appellant here in Sass Community 5. Sass Community 5 was the petitioner in a tax deed proceeding coming out of Will County, Illinois. Back on July 19, 2012, a tax deed order, or more accurately, an order directing the issuance of a tax deed, was issued by Judge Bobby Petrangero out of the Circuit Court of Will County, Illinois, in favor of my client. A deed was taken out or issued by the county clerk in accordance with that order and recorded. Thirty days passed. Two years passed. Two years and 65 days later, a Section 214.01 motion was filed by the appellee herein, City Mortgage, seeking to vacate the order for tax deed. The basis for the order, or the basis for the motion to vacate the tax deed, was that, one, due process was not met as the notices were legally insufficient, and secondarily, that the period of redemption was improperly extended by my client. Cross motions for summary judgment were filed on the motion to vacate filed by City Mortgage. My client's position was, and is, is that City Mortgage could not prevail on its motion to vacate because of the mandates of Section 2245 of the Property Tax Code. Section 2245 of the Property Tax Code clearly limits the length of time and the basis for a motion to vacate relating to an order for tax deed and the tax deed issued thereafter. Judge Anderson disagreed with us, granted the motion for summary judgment in favor of City Mortgage, effectively granting count one of their motion to vacate. We finally filed this appeal. As this case is up, and judgment entered on the cleans, the review standard is de novo. I again will refer the Court back to Section 2245 of the Property Tax Code. When a motion for relief from an order for tax deed that is validly entered by the trial court is entered, there are only three ways to seek relief from that order. First is a direct appeal, obviously filed to this Court within 30 days. The second way is a motion to vacate properly filed under Section 2-1203 of the Code of Civil Procedure, again within 30 days. After that 30 days is up, relief is specifically limited by the terms of Section 2245 of the Property Tax Code. Section 2245 of the Property Tax Code says that relief can be granted as in other Section 2-1401 petitions, but only in four situations, four particular criteria. Those are if the taxes on the property have previously been paid prior to the tax sale. If the property was exempt from taxation. Those would be in particular two ways that the order for tax deed would be void because there would be no jurisdiction over the property in this situation leading forward to the tax sale. The third situation is proof by clear convincing evidence that the tax deed, meaning the order for tax deed, had been procured by fraud or deception by the tax purchaser or his assignee. And then lastly, a provision relating to notice, which basically is a codification of the due process argument made repeatedly by petitioners seeking to vacate tax deeds that they didn't receive notice, they weren't properly served notice, there wasn't a diligent inquiry. All of those, or excuse me, those four prongs of Section 2245 are the only means to vacate a tax deed under Section 2-1401. Section 2-1401 mentions no, or excuse me, not 2-1401, 2245 mentions no other basis to vacate an order for tax deed within the statutory time period delineated by Section 2-1401. Thus, the appellee would assert that any motion to vacate an order for tax deed coming after two years pursuant to Section 2245 is not timely filed, irrespective of what the circumstances are for the basis of the Section 2245, or 2-1401 as you prefer to call it, motion to vacate the order for tax deed. Now, notice will take you out of that two years, won't it? Notice, you mean an error in notice or error? Yeah, you gave the four requirements. Right. You can only take the notices or the form of the notices within the 30 days, either by a direct appeal or if you come in on a motion under Section 2-1302. You had four criteria, didn't you? Yes, sir. What was the last one? Last one, I'll quote. Proved by a person or party holding a recorded ownership or other recorded interest in the property that he or she was not named as a party in the publication notice required by Section 2220 of the Property Tax Code. And the tax purchaser is asked in a dynamic and diligent inquiry or effort to serve that person or party with notices required by Section 2210 through 2230 of the Property Tax Code. Basically, the tax notices or the take notices that are required to be served by the Property Tax Code through the clerk of the circuit court. So we're not talking about the tax sale notices? No, we're not. You mean the initial underlying tax sale notice, right? No, the misdescription of the property, the NREM. I'm sorry, I didn't catch that. This is really NREM jurisdiction? Yes, sir, absolutely. So the property description is critical, isn't it? Well, if you're referring to a defect in the notices that are delivered to be required under Section 2210 through 2230 and the publication notice, I would agree with Your Honor that every tax deed practitioner should make an absolute effort to make sure that the property description is correct. However, any error or defect in the notices has to be brought to the court's attention either by direct appeal or in a Section 2-1302 motion because it's not allowed under a Section 2-1401 petition because of the limitations contained in Section 2245. And that came out of a recent decision from the Supreme Court in a case called DG Enterprises v. Cornelius. The issue in this case really is a confluence between Section 2245 and Section 2285 of the Property Tax Code. Epeline's argument below about the errors in the, or pursued errors or alleged errors in the extensions of redemption forming a basis to vacate the order for a tax deed are based on Section 2285 of the Property Tax Code. However, Section 2285 of the Property Tax Code only refers to the deed and the underlying sale, meaning the original sale that gave rise to the tax certificate, being void if the deed is not taken out and recorded within the one-year period from the expiration of the date of redemption. What Epeline has done here is taken Section 2285, married it to a Section 21401 petition, which we assert was just not finally filed, and outside the scope of Section 2245 and just not proper, and used that to convince the trial judge that the order was void and should have been simply vacated. The order for tax deed could never be void in this situation because this Court, as Justice Holder, as you appropriately pointed out, the Court properly had interim jurisdiction over this case, and all you need is interim jurisdiction in a property tax case. When a petitioner files for, files their petition for tax deed and seeks their order for tax deed, there is absolutely no requirement that everybody be physically served with the tape notices that are required in the Property Tax Code. What's required is an effort, that you make a diligent, good-faith effort to serve those notices. People don't get served. It's not an impediment to the issuance of the order for tax deed. As such, there's no in-person jurisdiction concept in a property, or excuse me, in a petition for tax deed proceeding. Since the, first, I apologize, I kind of got lost in my thought there. All the cases that are cited by the Appellee with regard to authority for granting this motion using either Section 214.01 or 2285 as a basis for supporting the Court's decision to grant summary judgment on behalf of the Appellee, all involved cases filed under Section 214.01, timely filed within two years, except for a single case that was discussed in both parties' briefs, which was SI Securities v. Polis. In the Polis case, where the Section 214.01 petitioner alleged a fraudulent concealment, thus allowing him to file his petition after two years, and in fact it was five years later, that Section 214.01 petitioner in that case was unsuccessful. All the prior cases or other cases cited by the Appellee herein as authority were filed within 35 days, 60 days, six months, one right on the two-year anniversary, bringing it just inside the two-year limitation of Section 214.01 as limited by 2245 in the property tax code. The Appellee below also raised the due process argument that the notices were so defective as to constitute no notice in the trial court. Again, as recently pronounced by the Supreme Court, defects in notice can only be attacked within 30 days of the date of the order for tax deed, and in essence, 2245.4 is the due process argument codified by the legislature in order to give some stability to tax deeds. We have, as every brief notes whenever one of these cases is filed, we have competing public policy interests here. One, we're trying to make property owners pay their taxes. Secondly, we're trying to provide a system where they get notice. Third, we're trying to ensure some stability for tax deed purchasers with regard to their deeds so they are not only subject to attack one year, ten years, twenty years down the road. So, that's why the legislature came up with Section 2245 in the property tax code, to give those tax deed owners stability. Okay, thank you. And perhaps the first word, the first lines, or the first sentence of 2245 is most telling. Tax deeds issued under Section 2240, and that's what this tax deed was, are incontestable, meaning you cannot attack them, except for the three matters in which I discussed earlier, the longest one being within two years under Section 214.01, as limited by Section 2245. There's only four bases to do that. None of those bases were present here supporting the grant of summary judgment in favor of the employee. So, on behalf of the appellant, I would ask this Court to reverse the trial court and enter a summary judgment on behalf of the appellant as City Mortgage's motion to vacate was not timely filed under Section 2245, or excuse me, 2-1401. Thank you. Any other questions? No. Thank you. Thank you. Mr. Blumenthal. Thank you, Your Honor. I'm Jeffrey Blumenthal here on behalf of the Appellant City Mortgage. May it please the Court, I first want to recognize my partner and mentor, Rodney Slefsky, who is here with me today. And I should note before beginning that the last time I was here was four years ago on my 30th wedding anniversary. We should stop meeting like this. Actually, you missed it by four days, so it's not that again. But you are going home with a gift, right? I hope so. It's up to you. We're not sending a gift. So, the Court's read the briefs, and I want to address some of the arguments of counsel that Sass just made. Before doing so, I think it bears noting. The Court granted summary judgment because there were no issues of fact. And there were no issues of fact, the Court should note, addressing the argument under 22-85. Never has Sass Mooney contested the facts forming the basis of City's argument, the 22-85 mandates, and justifies the Court's order that the tax deed was void. Sass has never said, oh, we were the agent for the people filing the extension notices. We owned the certificate. It's beyond dispute before this Court that those extension notices that were tendered to the county clerk in an effort to extend the redemption date were invalid. They were not tendered by the owner of the tax sale certificate. That is an undisputed fact. And given that undisputed fact, we know from the Court, the case of CCPI, which is cited in my briefs, that it follows that that extension is invalid. If that extension notice is invalid, then we are left with the conclusion that the redemption date is the original redemption date as if it had never been extended. In this case, that extension date, therefore, the redemption expiration date, would have been May 4, 2011, meaning the tax deed, in order to comply with section 22-85 of the property tax code, would have had it been recorded by May 4, 2012. And it's not disputed that tax deed was not recorded until September of 2012, well after the one-year period required by 22-85. So what happens with 22-85? Well, it appears that SAS's argument is this. Well, 22-85 isn't mentioned in section 214.01, or in section 22-45. And since 22-85 isn't mentioned in 22-45, well, if you don't comply with 22-45, you can't get any relief under 22-85. And I suggest to this Court, when counsel comes up here for his reply, ask him, well, when does 22-85 apply? Let's take the hypothetical that I pose in my brief. Let's say a tax purchaser obtains a tax deed. And gets an order, has an order to take, directing the issuance of a tax deed is entered, the tax deed is issued. And that tax purchaser waits three years from then to go and record the tax deed, clearly not complying with section 22-85, which requires that that tax deed be recorded within one year. That tax purchaser waits three years. Is SAS suggesting that a party such as City Mortgage has no right to have that tax deed declared void with no right of reimbursement as provided by 22-85? Because if the Court accepts SAS's premise, what it's doing is saying 22-85 has no meaning. You can never declare a tax deed void that's recorded more than one year after expiration of the redemption period. If you come in more than two years later, say, the tax purchaser, in an effort to belittle somebody, doesn't record that tax deed for three years. 22-85, it's almost as if 22-85 is a separate cause of action. It's almost as if it's an action for declaratory relief to declare that tax deed void because it wasn't recorded within one year of the redemption period, expiration of the redemption period. That's what 22-85 says. It has nothing to do with 22-45. And if you could not bring an action to declare void a tax deed under 22-85, absent one of the grounds mentioned in 22-45, and after all, 22-85 isn't mentioned in section 22-45. So according to SAS, 22-85 is rendered obsolete. That has no meaning at all. And that can't be the legislative intent. And not only that, but then if we look at the two cases, and there's only two cases in Illinois that we're aware of that have addressed this issue, both of them are unequivocal. Both of them, it's CCPI and it's the CERT, S-I-R-T case, both of which are cited in my brief. Both of them unequivocally hold and reject the very argument that SAS is making here. SAS is making here the very argument that the parties made and that the court rejected in both CERT and in CCPI. And that argument is, well, you can't bring this argument now because you're attacking the court's finding, it's when the redemption period was. And you're not bringing this within the grounds set forth in 22-45. And the courts in both those cases rejected those arguments. They said, no, if you do not record that tax deed within one year of expiration of the redemption period. And in both cases, the trial court had determined the redemption period expired here. And on appeal before the trial court, the parties said, oh, no, it didn't apply, it didn't expire here. It expired here a time before that because the extension notices weren't valid. And in each of those two cases, the court rejected the tax purchaser's argument and found that, no, you can raise a 22-85 argument even though perhaps technically it attacks the court's finding of when the redemption expired because that's what 22-85 is all about. And in that way, Judge Anderson's circuit court got it completely right. He found correctly that this tax deed was void with no right to reimbursement because it had not been recorded within one year of the expiration of the redemption period. And frankly, there's never been an argument that it has been filed within one year of the expiration of the redemption period. Look at Sass's arguments. What is Sass saying here? It's saying, you can't consider this. That's just not the law. He says, CCPI and CERT, both, one was brought within 30 days and was a direct attack under 2-1203, and one was brought under 214-01. When the court reads both those cases, you will see. Nowhere in those cases does it suggest that it could grant the relief because the motions for relief from the order for the tax deed were brought within the provisions of 214-01 or with 2-1203. They weren't considered by those courts. All those courts considered was a court has an absolute duty to sua sponte, and in fact, that's what happened in CERT. The court sua sponte said, no, that order, that tax deed is void with no right of reimbursement pursuant to 22-85 because it was not recorded within one year of the expiration of the redemption period because your efforts to extend the redemption period were a nullity. That's exactly what happened here. And they were a nullity because? They were a nullity because the redemption period, the tax purchasers in each of those cases, like the tax purchaser here, tended extension notices to the county clerk believing that those served to extend the expiration of the redemption period. But because those extension notices were defective and did not effectively extend the redemption period, the court ruled, no, since those notices were invalid, the redemption period wasn't properly extended. Since it wasn't extended, we have to go back to the original extension date. Why were they improperly extended? In CERT, it was improper because the property tax code, the section that allows for extension notices, the extension of the redemption period, provides that the extension, it can be extended at the whim of the property, of the tax purchaser, but only while it still hasn't expired. And what happened in CERT, and my dates might be a little bit off because it's been a while since I wrote. Essentially, it's fine. What happened in CERT was redemption expired on October 30th, and I believe two weeks later or maybe a month later, the tax purchasers tendered a new extension notice to extend the redemption period, but by then it had already expired. Yeah, they were out of time. They were out of time, and therefore what they were having to do was a gap. And because of the gap, and then after that extension, the defective extension notice, there were two or three more extension notices trying to extend the redemption period. So it took it down a period of time. So that stands for defective because they were out of time to file the extension notice. That's correct. Okay. And in CCPI, it's directly on point. In CCPI, what had happened was there was a tax purchaser. The tax purchaser assigned the certificate to another party, and then the original tax purchaser filed the extension notice. Stands for the proposition, no interest in, you can't extend. That's correct. Okay. Standing for the proposition that the party who files the extension notice has to be the owner or the owner of the certificate at the time the extension notice is filed. That's what it stands for. And what we have here, and this is what I pointed out at the beginning, that's undisputed. These extension notices that were filed were not filed by the owner of the certificate. That's never been disputed. And who is the owner of the certificate from your position? The owner of the certificate, as indicated on the face of the certificate, is defined as U.S. Bank Custodian and U.S. Bank CUST for U.S. Bank-Custodian CUST slash SAS Muni 5, that's Roman numeral 5, DTR. And what the important thing here is, let's remember, this was always the basis of city mortgages motion, that this notice of extension was invalid because it hadn't been filed by the owner of the certificate. Now, the owner of the certificate, SAS, had plenty of time to come in and say, Oh, wait a second, U.S. Bank is just an agent or an eminent. They were filed by someone who was the owner. And they never did that. They never contested city's basic premise that these notices of extension, and these notices of extension, by the way, are both appended to my brief at A2 and A3. You can see yourself. There's nothing on those notices of extension that suggests that they were filed by the owner of the certificate, which was U.S. Bank. Thank you. So, on 2285, the court got it right, and SAS has not ever really contested this. Regarding the due process argument, the court also got that right. We all know that an order which is void is void and can be tapped at any time without regard to Section 2-1401. And this order is void why? This is void because the notice itself is so devoid of any meaningful information as to deprive the party receiving it of its due process rights. Due process meaning you have to get a notice that somehow tells you why you're here. Why are you getting this notice? Now, envision this scenario. We've got city mortgage. Hundreds of thousands of mortgages they have on all these properties. They get a notice. The notice has two pieces of information that are important. Property location and either permanent index number or legal description. This notice had the wrong permanent index number or property index number, if you will, and had the wrong legal description. So, here city mortgage gets this notice and says they check all its records, all its records. Well, we don't have an interest in this property. This doesn't belong to us. And we can't, SAS, I think, wants to flip due process on its head. It wants to say, it's never really made an argument, but it wants to say, well, you should have done something to find what your interest in this property was. What were they supposed to do? It's SAS that has the obligation to fulfill due process requirements. If they did that, if they did that, I'm just asking a hypothetical question. The property wasn't the property that the tax purchaser bought, was it? That's correct. The property defined in the notice wasn't the property that the tax purchaser bought. That's correct. The property defined in the certificate. So, arguably, if Citibank did that search. They wouldn't have found what they had an interest in the property. That's defined by the notice. That's the problem. And I agree that recently the Supreme Court in the Cornelius decision said, well, a defect in the notice, a technical defect in the notice, does not arise to its due process violation. And I agree with that 100%. In Cornelius, the defect complained of in the notice was it wasn't signed by the county clerk or it was signed by the owner instead of the county clerk, or maybe it had the wrong address for the county clerk. What kind of defects are the ones that do matter? Well, we believe the ones that do matter are ones such as here where the wrong property, it has the wrong index number. Doesn't that really boil all down to this is really in REM jurisdiction? No. No? No, it does not. Why not? Well, because the interim jurisdiction of the court is founded when the treasurer files the original application for order directing the issuance of a tax deed. That happened two years, three years before any of the things happened here. The court gets its interim jurisdiction when the collector files an application to the court, publishes a notice, and says we want all these properties that are delinquent, tax delinquent, we're asking for a judgment in order of sale on these properties that are contained in the publication notice. From that day forward, the court has interim jurisdiction on all those properties. Only over the property correctly described. That's correct. That's the point. That's correct. That's correct. It's REM. It's property. It's over that. That's absolutely correct. Now. And what do we have here? Well, what we have here, and frankly, Your Honor, you're asking a question that seems almost like a softball question that would help me. I can't do it. Okay. I have to tell the court and explain to the court that that's not what's at issue here. And it's not at issue here because the application, the underlying application filed by the treasurer was correct. It had the correct property because at the time that the application filed, it was correct. But what happened here was by the time the sale took place, by the time the sale took place here, by then, a new PIN existed. And that was the PIN on the certificate, and that was what was actually sold. And the tax purchaser knew it and, nonetheless, did not provide the correct notice, did not, the tax purchaser didn't provide the correct notice. Then, typically, that wouldn't be attacking the interim jurisdiction. That's why it's due process because the notice that the tax purchaser sent two years down the road was so defective, providing the wrong information that due process violation occurred with. And those two functions were the PIN number being not the current PIN number? Not the PIN number that they had bought. Okay. Not the PIN number on the certificate. It's clear. It references this particular condo unit. How about the address? And the address as well, they didn't put an address in the notice. What they put was a property location. And they put a location where they said the property is sitting on this corner, 700 feet east of this street, basically directing someone to a big lot. Now, it turns out that the big lot that they did was on this side, and so the record is clear, I'm pointing on my left side. Well, in fact, the lot was actually located on my right side, 1,600 feet east of the lot that they said. But more importantly, it was no longer a lot. Now we had 17 individual condominium units. It had a property address, 4482 Tiber Ridge Drive, Unit 87D. It wasn't just a big parcel of property. It was one individual unit. That's what City Mortgage had a mortgage on in this case. And they didn't get any information to tell us, oh, we're trying to get the property remortgaged. That's why it's due process. Because this is as if they took the notice and took to literal doubt. What sass is out here in Boylestown is this. We can send some notice. Let's say we put no information there at all, completely blank, nothing in there at all. And that notice goes out to everybody. And then we somehow bamboozle the court, who doesn't carefully scrutinize everything, and is thinking, okay, I've complied. And the court makes a finding. You've complied with all the notice-serving provisions. And then it turns out two years later someone comes in and says, my due process rights were violated. You sent me some notice that was needless. Or maybe he didn't send the notice at all. And that would be a violation of due process. And as sass said, the purpose of the property tax code, what is the purpose? It's to get taxpayers to pay their taxes. It's to coerce them to pay their taxes. We agree. But how does a notice that has no meaningful information on it coerce a delinquent taxpayer into paying their taxes? It can't because it doesn't know that its property is even involved. And that's why it's a due process violation, which supersedes anything in Section 2-14.01 or 22-45 of the property tax code. The cases are clear on that. And therefore, this is a due process violation. The court had subject matter jurisdiction, but it was deprived of jurisdiction to enter this order because of the due process violations. And that's why this court should affirm the summary judgment granted by the judge. You've heard bamboozle several times, but you did not allege in your petition that there was fraud. Because fraud at this stage of the proceeding wouldn't have an impact. Fraud would have to be alleged under 22-45.3 within two years under a 2-14.01 petition. And we believe there was rampant fraud here, but it doesn't matter for purposes of this proceeding. Clearly, the court could only do this if it found it was void because of either the due process violations or under 22-85. But both of those exist, and therefore, the court was correct. Thank you. If there's no more questions. Thank you. Mr. Clark, Rebola. Thank you. With regard to the two cases that counsel cites as authority for a basis to use Section 22-85 as a means to vacate an order for tax deed, both of them were pled as Section 2-14-01 motions to vacate, not alleging Section 22-85. In fact, the CCPI case was alleged as fraud under Section 22-45.3. The fraud was alleged to be the gap in the redemption extensions. And frankly, I agree with that. But those were timely brought Section 2-14-01 petitions. They weren't independent petitions brought outside the two-year time period of Section 2-14-01. They were all brought within the two years. So they should have brought, in your view, a petition just under Section 22-85 alone? No, I don't think a section, with all due respect, I don't believe a section, a petition under Section 22-85 is allowed. Section 22-85 only says unless the holder of a certificate purchased at any tax sale under this code takes out the deed in the time provided by law the same within one year from and after the time the redemption expires, the certificate or deed and the sale on which it is based shall be, after the expiration of the one-year period, absolutely void. It says nothing about the order for the deed being void. It says simply that the deed itself is void. I don't believe Section 22-85 gives you any sort of basis to go in and attack the findings of the trial court that all the redemption extensions were properly made and that the date or the final date of redemption was whatever the date was as reflected in Judge Petrangero's original order. What they've done is, again, after more than two years, a time period after Section 22-85 allows them to seek to vacate the order they're seeking to vacate the order. And they're trying to use Section 22-85 because, quite frankly, I don't think their due process argument is that great of an argument. Yes, the legal could have been better. Yes, the property was sold as part of a larger parcel. What happened in the middle of the sale was the property was subdivided by a developer. They sold out bits and pieces and paid, redeemed bits and pieces of the taxes as they went along, and this one got missed. And you have a tax certificate that says part of this PIN number and it has another PIN number and it has another description. It has two different owners on it. The tax sale certificate itself is inherently confusing if you look at it in the record. But perfection in the tax deed notices is not required. Colonia says so. And it's more than two years afterwards. They got some sort of notice by the publication notice. Something was pending. It's not Sass Mooney's fault the city mortgage has eight gazillion mortgages out there and can't keep track of what they got. They did their best to comply with the statute. They went to the court. The court heard the evidence at the hearing, at the petition for tax deed, and made the findings that Sass Mooney 5 complied with all the conditions of the property tax code, including the giving of notices to entitle them to an order for tax deed. And once those findings are made, you can't exact them unless you're within on a direct appeal or you're within 30 days on a motion to vacate. After that time period, those 30 days to the end of the last two years, you've got four bases to do it. They could have alleged fraud under 2245.3 if they were within two years. Maybe they would have been successful. But they're outside the time frame set forth by the statute as defined by the legislature. And with all due respect, it's not our place as the courts to extend or modify that time limitation that has been set forth by the legislature in this case. Unless there's any other questions, I would stand again on the argument that it's not timely file. And Section 2285 does not give them an independent cause of action. Thank you. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written order as soon as possible. Thank you. The court will stand and brief recess.